IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE: CESSNA 208 SERIES AIRCRAFT PRODUCTS LIABILITY LITIGATION<br><br>(This document relates to only *P'Yanina, et al. v. Cessan Aircraft Co., et al.*, Case No. 07-cv-10403-PAC) | MDL No. 1721 |

## DEFENDANT GOODRICH CORPORATION'S ANSWER TO PLAINTIFFS' COMPLAINT

Defendant Goodrich Corporation (hereinafter, "Goodrich"), hereby files its Answer to Plaintiffs' Complaint with Request for Jury Trial.

### RESPONSE TO ALLEGATIONS OF JURISDICTION AND VENUE

1. In response to paragraph 1 of this section, Goodrich admits that the Complaint purports to assert an action for damages arising from an aircraft accident in Moscow, Russia on November 19, 2005, but lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 1.

2. In response to paragraph 2 of this section, Goodrich admits it is incorporated in the State of New York with its principal place of business in the State of North Carolina. Goodrich denies the remaining allegations of paragraph 2 and subparts (a) through (f), because it lacks knowledge or information sufficient to form a belief as to the truth thereof.

3. Paragraph 3 asserts legal conclusions to which Goodrich responds by denying that a substantial part of the events or omissions giving rise to the claim occurred in the Southern District of New York, while further denying that any such

alleged events or omissions confer liability on any basis occurred. Goodrich denies the assertion that no other district is proper in which to file the action.

## RESPONSE TO GENERAL ALLEGATIONS

1.  The allegations contained in paragraph 1 are not directed to Goodrich. To the extent that a response is required, Goodrich lacks sufficient knowledge upon which to form a belief as to the truth of the allegations therein.

2.  The allegations contained in paragraph 2 are not directed to Goodrich. To the extent that a response is required, Goodrich lacks sufficient knowledge upon which to form a belief as to the truth of the allegations therein.

3.  The allegations contained in paragraph 3 of this section are not directed to Goodrich. To the extent that a response is required, Goodrich lacks sufficient knowledge upon which to form a belief as to the truth of the allegations therein.

4.  In response to paragraph 4, Goodrich admits that it is in the business of, among other things, designing in part and manufacturing aircraft de-icing equipment which is incorporated into airplanes by others. Goodrich lacks knowledge or information sufficient to form a belief as to the truth of the allegation that Goodrich designed and manufactured the aircraft de-icing equipment incorporated on the accident aircraft. Goodrich denies all remaining allegations of paragraph 4.

5.  In response to paragraph 5, Goodrich admits that as part of its business relating to aircraft de-icing equipment, it provides customer support. Goodrich lacks knowledge sufficient to form a belief as to the truth of the allegation that Goodrich provided customer support relating to the aircraft de-icing equipment incorporated on the accident aircraft. Goodrich denies all remaining allegations of paragraph 5.

6. Goodrich admits that Cessna Caravan 208B Model aircraft are certified by the United States Department of Transportation, Federal Aviation Administration for flight into "known icing" conditions as defined in the Code of Federal Regulations. Goodrich lacks sufficient knowledge upon which to form a belief as to the truth of the remaining allegations therein.

7. Regarding the assertion contained in paragraph 7, Goodrich lacks sufficient knowledge upon which to form a belief as to the truth of the allegations therein.

## RESPONSE TO FIRST CLAIM FOR RELIEF – PRODUCT LIABILITY – CESSNA

1 through 7. Goodrich restates and repeats the responses contained in its answers to paragraphs 1 through 7 of the General allegations as though set forth herein.

8. The allegations contained in paragraph 8 are not directed to Goodrich. To the extent that a response is required, Goodrich lacks sufficient knowledge upon which to form a belief as to the truth of the allegations therein.

9. The allegations contained in paragraph 9 are not directed to Goodrich. To the extent that a response is required, Goodrich lacks sufficient information upon which to form a belief as to the truth of the allegations therein.

10. The allegations contained in paragraph 10 are not directed to Goodrich. To the extent that a response is required, Goodrich lacks sufficient information upon which to form a belief as to the truth of the allegations therein.

11. The allegations contained in paragraph 11 are not directed to Goodrich. To the extent that a response is required, Goodrich lacks sufficient information upon which to form a belief as to the truth of the allegations therein.

12. The allegations contained in paragraph 12 are not directed to Goodrich. To the extent that a response is required, Goodrich lacks sufficient information upon which to form a belief as to the truth of the allegations therein.

13. The allegations contained in paragraph 13 are not directed to Goodrich. To the extent that a response is required, Goodrich lacks sufficient information upon which to form a belief as to the truth of the allegations therein.

14. The allegations contained in paragraph 14 are not directed to Goodrich. To the extent that a response is required, Goodrich lacks sufficient information upon which to form a belief as to the truth of the allegations therein.

15. The allegations contained in paragraph 15 are not directed to Goodrich. To the extent that a response is required, Goodrich lacks sufficient information upon which to form a belief as to the truth of the allegations therein.

16. The allegations contained in paragraph 16 are not directed to Goodrich. To the extent that a response is required, Goodrich lacks sufficient information upon which to form a belief as to the truth of the allegations therein.

### RESPONSE TO SECOND CLAIM FOR RELIEF –
### NEGLIGENCE – CESSNA

1 through 7. Goodrich restates and repeats the responses contained in its answers to paragraphs 1 through 7 of the General Allegations as though set forth herein.

8. The allegations contained in paragraph 8 are not directed to Goodrich. To the extent that a response is required, Goodrich lacks sufficient knowledge upon which to form a belief as to the truth of the allegations therein.

9. The allegations contained in paragraph 9 are not directed to Goodrich. To the extent that a response is required, Goodrich lacks sufficient information upon which to form a belief as to the truth of the allegations therein.

10. The allegations contained in paragraph 10 are not directed to Goodrich. To the extent that a response is required, Goodrich lacks sufficient information upon which to form a belief as to the truth of the allegations therein.

11. The allegations contained in paragraph 11 are not directed to Goodrich. To the extent that a response is required, Goodrich lacks sufficient information upon which to form a belief as to the truth of the allegations therein.

12. The allegations contained in paragraph 12 are not directed to Goodrich. To the extent that a response is required, Goodrich lacks sufficient information upon which to form a belief as to the truth of the allegations therein.

13. The allegations contained in paragraph 13 are not directed to Goodrich. To the extent that a response is required, Goodrich lacks sufficient information upon which to form a belief as to the truth of the allegations therein.

14. The allegations contained in paragraph 14 are not directed to Goodrich. To the extent that a response is required, Goodrich lacks sufficient information upon which to form a belief as to the truth of the allegations therein.

15. The allegations contained in paragraph 15 are not directed to Goodrich To the extent that a response is required, Goodrich lacks sufficient information upon which to form a belief as to the truth of the allegations therein.

16. The allegations contained in paragraph 16 are not directed to Goodrich. To the extent that a response is required, Goodrich lacks sufficient information upon which to form a belief as to the truth of the allegations therein.

## RESPONSE TO THIRD CLAIM FOR RELIEF – BREACH OF WARRANTY – CESSNA

1 through 7.  Goodrich restates and repeats the responses contained in its answers to paragraphs 1 through 7 of the General Allegations as though set forth herein.

8. The allegations contained in paragraph 8 are not directed to Goodrich. To the extent that a response is required, Goodrich lacks sufficient knowledge upon which to form a belief as to the truth of the allegations therein.

9. The allegations contained in paragraph 9 are not directed to Goodrich. To the extent that a response is required, Goodrich lacks sufficient information upon which to form a belief as to the truth of the allegations therein.

10. The allegations contained in paragraph 10 are not directed to Goodrich. To the extent that a response is required, Goodrich lacks sufficient information upon which to form a belief as to the truth of the allegations therein.

11. The allegations contained in paragraph 11 are not directed to Goodrich. To the extent that a response is required, Goodrich lacks sufficient information upon which to form a belief as to the truth of the allegations therein.

12. The allegations contained in paragraph 12 are not directed to Goodrich. To the extent that a response is required, Goodrich lacks sufficient information upon which to form a belief as to the truth therein.

13. The allegations contained in paragraph 13 are not directed to Goodrich. To the extent that a response is required, Goodrich lacks sufficient information upon which to form a belief as to the truth of the allegations therein.

14. The allegations contained in paragraph 14 are not directed to Goodrich. To the extent that a response is required, Goodrich lacks sufficient information upon which to form a belief as to the truth of the allegations therein.

15. The allegations contained in paragraph 15 are not directed to Goodrich. To the extent that a response is required, Goodrich lacks sufficient information upon which to form a belief as to the truth of the allegations therein.

16. The allegations contained in paragraph 16 are not directed to Goodrich. To the extent that a response is required, Goodrich lacks sufficient information upon which to form a belief as to the truth of the allegations therein.

17. The allegations contained in paragraph 17 are not directed to Goodrich. To the extent that a response is required, Goodrich lacks sufficient information upon which to form a belief as to the truth of the allegations therein.

## RESPONSE TO FOURTH CLAIM FOR RELIEF – FRAUD – CESSNA

1 through 7. Goodrich restates and repeats the responses contained in its answers to paragraphs 1 through 7 of the General Allegations as though set forth herein.

8. The allegations contained in paragraph 8 are not directed to Goodrich. To the extent that a response is required, Goodrich lacks sufficient information upon which to form a belief as to the truth of the allegations therein.

9. The allegations contained in paragraph are not directed to Goodrich. To the extent that a response is required, Goodrich lacks sufficient information upon which to form a belief as to the truth of the allegations therein.

10. The allegations contained in paragraph 10 are not directed to Goodrich. To the extent that a response is required, Goodrich lacks sufficient information upon which to form a belief as to the truth of the allegations therein.

11. The allegations contained in paragraph 11 are not directed to Goodrich. To the extent that a response is required, Goodrich lacks sufficient information upon which to form a belief as to the truth of the allegations therein.

12. The allegations contained in paragraph 12 are not directed to Goodrich. To the extent that a response is required, Goodrich lacks sufficient information upon which to form a belief as to the truth of the allegations therein.

13. The allegations contained in paragraph 13 are not directed to Goodrich. To the extent that a response is required, Goodrich lacks sufficient information upon which to form a belief as to the truth of the allegations therein.

14. The allegations contained in paragraph 14 are not directed to Goodrich. To the extent that a response is required, Goodrich lacks sufficient information upon which to form a belief as to the truth of the allegations therein.

15. The allegations contained in paragraph 15 are not directed to Goodrich. To the extent that a response is required, Goodrich lacks sufficient information upon which to form a belief as to the truth of the allegations therein.

16. The allegations contained in paragraph 16 are not directed to Goodrich. To the extent that a response is required, Goodrich lacks sufficient information upon which to form a belief as to the truth of the allegations therein.

17. The allegations contained in paragraph 17 are not directed to Goodrich. To the extent that a response is required, Goodrich lacks sufficient information upon which to form a belief as to the truth of the allegations therein.

18. The allegations contained in paragraph 18 are not directed to Goodrich. To the extent that a response is required, Goodrich lacks sufficient information upon which to form a belief as to the truth of the allegations therein.

19. The allegations contained in paragraph 19 are not directed to Goodrich. To the extent that a response is required, Goodrich lacks sufficient information upon which to form a belief as to the truth of the allegations therein.

20. The allegations contained in paragraph 20 are not directed to Goodrich. To the extent that a response is required, Goodrich lacks sufficient information upon which to form a belief as to the truth of the allegations therein.

21. The allegations contained in paragraph 21 are not directed to Goodrich. To the extent that a response is required, Goodrich lacks sufficient information upon which to form a belief as to the truth of the allegations therein.

22. The allegations contained in paragraph 22 are not directed to Goodrich. To the extent that a response is required, Goodrich lacks sufficient information upon which to form a belief as to the truth of the allegations therein.

23. The allegations contained in paragraph 23 are not directed to Goodrich. To the extent that a response is required, Goodrich lacks sufficient information upon which to form a belief as to the truth of the allegations therein.

24. The allegations contained in paragraph 24 are not directed to Goodrich. To the extent that a response is required, Goodrich lacks sufficient information upon which to form a belief as to the truth of the allegations therein.

### RESPONSE TO FIFTH CLAIM FOR RELIEF – PUNITIVE DAMAGES – CESSNA

1 through 24. Goodrich restates and repeats the responses contained in its answers to paragraph 1 through 24 of Plaintiffs' Fourth Claim for Relief as though set forth herein.

25. The allegations contained in paragraph 25 are not directed to Goodrich. To the extent that a response is required, Goodrich lacks sufficient information upon which to form a belief as to the truth of the allegations therein.

### RESPONSE TO SIXTH CLAIM FOR RELIEF – PRODUCT LIABILITY – GOODRICH

1 through 7. Goodrich restates and repeats the responses contained in its answers to paragraphs 1 through 7 of the General Allegations as though set forth herein.

8. Goodrich lacks sufficient information upon which to form a belief as to the truth of the allegations in paragraph 8. Goodrich denies that it sold or delivered an entire de-icing system.

9. Goodrich denies the allegations in paragraph 9.

10. Goodrich denies the allegations in paragraph 10.

11. Goodrich lacks sufficient information regarding the allegations in paragraph 11 upon which to form a belief as to the truth of the allegations therein.

12.   Goodrich lacks sufficient information regarding the allegations in paragraph 12 upon which to form a belief as to the truth of the allegations therein.

13.   Goodrich lacks sufficient information regarding the allegations in paragraph 13 upon which to form a belief as to the truth of the allegations therein.

14.   Goodrich denies the allegations in paragraph 14.

15.   Goodrich lacks sufficient information regarding the allegations in paragraph 15 upon which to form a belief as to the truth therein.

16.   Goodrich lacks sufficient information regarding the allegations in paragraph 16 upon which to form a belief as to the truth of the allegations therein.

### RESPONSE TO SEVENTH CLAIM FOR RELIEF – NEGLIGENCE – GOODRICH

1 through 7.   Goodrich restates and repeats the responses contained in its answers to paragraphs 1 through 7 of the General Allegations as though fully set forth herein.

8.   Paragraph 8 states a legal conclusion to which no response is required. To the extent a response is required, Goodrich denies all allegations to the extent they pertain to any component part designed, manufactured or sold by Goodrich. Otherwise, Goodrich is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations therein.

9.   Goodrich denies the allegations in paragraph 9.

10.   Goodrich denies the allegations in paragraph 10.

11.   Goodrich lacks sufficient information regarding the allegations in paragraph 11 upon which to form a belief as to the truth therein.

12. Goodrich lacks sufficient information regarding the allegations in paragraph 12 upon which to form a belief as to the truth therein.

13. Goodrich lacks sufficient information regarding the allegations in paragraph 13 upon which to form a belief as to the truth therein.

14. Goodrich denies the allegations in paragraph 14.

15. Goodrich lacks sufficient information regarding the allegations in paragraph 15 upon which to form a belief as to the truth therein.

16. Goodrich lacks sufficient information regarding the allegations in paragraph 16 upon which to form a belief as to the truth therein.

## RESPONSE TO EIGHTH CLAIM FOR RELIEF – BREACH OF WARRANTY – GOODRICH

1 through 7. Goodrich restates and repeats the responses contained in its answers to paragraphs 1 through 7 of the General Allegations as though fully set forth herein.

8. Goodrich denies the allegations in paragraph 8.

9. Goodrich denies the allegations in paragraph 9.

10. Goodrich denies the allegations in paragraph 10.

11. Goodrich lacks sufficient information regarding the allegations in paragraph 11 upon which to form a belief as to the truth therein.

12. Goodrich lacks sufficient information regarding the allegations in paragraph 12 upon which to form a belief as to the truth therein.

13. Goodrich lacks sufficient information regarding the allegations in paragraph 13 upon which to form a belief as to the truth therein.

14. Goodrich lacks sufficient information regarding the allegations in paragraph 14 upon which to form a belief as to the truth therein.

15. Goodrich denies the allegations in paragraph 15.

16. Goodrich lacks sufficient information regarding the allegations in paragraph 16 upon which to form a belief as to the truth therein.

17. Goodrich lacks sufficient information regarding the allegations in paragraph 17 upon which to form a belief as to the truth therein.

## AS FOR AFFIRMATIVE DEFENSES

1. Plaintiffs' Complaint fails to state or set forth any claims upon which relief can be granted against this Defendant.

2. All or some of Plaintiff's claims in this case are barred by the applicable Statute of Limitations.

3. If the occurrence, damages and injuries in question were, in fact, caused by negligence or fault, then such occurrence, damages and injuries were caused by failures to act or negligence or fault on the part of other persons or other entities, for which conduct this Defendant has absolutely no responsibility whatsoever, and for such reasons, among others, this Defendant has no liability to Plaintiff.

4. The components of the aircraft in question were designed and manufactured in conformity with the generally recognized and prevailing standards and the state of the art in existence at the time of such design and manufacture and this Defendant therefore, has no liability whatsoever to Plaintiffs.

5. If, as alleged by Plaintiff, the aircraft in question and/or any of its component parts were defective in some alleged fashion at the time and place in

question, then such alleged defective condition would have been and was created and caused by persons or entities other than this Defendant or by events for which this Defendant has no responsibility, and this Defendant therefore has no liability to Plaintiffs.

6. If, as alleged by Plaintiffs, the aircraft in question or any of its component parts were defective in some alleged fashion at the time and place in question, then such was not the fault of this Defendant but is attributable to an intervening and superseding cause or causes not attributable to this Defendant and for which this Defendant has no responsibility.

7. Subject to further investigation and discovery, and in order to avoid any waiver of such defense at this time, this Defendant alleges that Plaintiffs' negligence, fault, and assumption of a known risk caused or contributed to cause the accident and Plaintiffs' alleged injuries, which eliminates or diminishes Goodrich's liability to Plaintiffs.

8. Privity of contract between Plaintiff and this Defendant is totally lacking, and for this reason, among others, this Defendant has no liability to Plaintiffs.

9. This Defendant is entitled to a set off for any recovery that Plaintiffs' may receive from any collateral source by way of settlement and/or benefits received from any source for the damages complained of.

10. If Plaintiff was damaged by products originally designed, manufactured, assembled, inspected, tested, or sold by Goodrich, those products were subsequently installed, removed, exchanged, altered, modified, retrofitted, overhauled, remanufactured, improperly maintained, or misused by persons and/or entities other than Goodrich, and over whom Goodrich had no control or right of control, without

Goodrich's knowledge, consent or advice, following the date of initial manufacture and sale of such products, and such installation, removal, change, alteration, modification, retrofitting, overhauling, remanufacturing, improper maintenance, or misuse proximately caused and contributed to the events alleged in the Complaint and the resulting damages complained of, if any.

11. The Complaint and each cause of action therein should be dismissed on the ground that Plaintiff has failed to join necessary and indispensable parties.

12. The benefits of the design of the subject aircraft and each component part contained therein outweighed the inherent risks, if any.

13. Goodrich did not make any warranties to Plaintiff with respect to the aircraft or any of its component parts.

14. Venue in this Court is improper and/or inconvenient.

15. Goodrich specifically denies that Plaintiff was injured in any manner by its negligence, and specifically denies that any injuries that Plaintiff may have sustained were proximately caused, either directly or indirectly, by its negligence in any manner.

16. At the time any pneumatic de-icer components left Defendant's possession, custody, and control, and at all relevant times, they were not defective in design, warning, manufacture nor was it unreasonably dangerous for use because Defendant conducted itself in accordance with the standard of care required under the applicable law; the design, warnings and assembly of the component were at all times consistent with the custom and practice of other designers, manufacturers, and sellers of similar products, and in accordance with relevant industry standards and governmental statutes, regulations, and codes.

17. Defendant did not omit any instructions or warnings that would have reduced the foreseeable risks of harm, if any, posed by the subject pneumatic de-icer component.

18. Pursuant to Fed.R.Civ. P 44.1, Plaintiff's action may be governed, in whole or in part, by Russian Law.

19. Defendant Goodrich did not design, manufacture, assemble, test, or obtain federal certification for, market or sell the subject aircraft.

20. Defendant Goodrich did not, nor was it responsible for, training or instruction Plaintiff's decedent regarding the operation of the subject aircraft.

21. Defendant Goodrich did <u>not</u> dispatch the subject aircraft.

22. Plaintiff lacks capacity to bring this action.

23. Plaintiff's claims for non-economic losses are based or limited by the applicable law.

24. Defendant Goodrich is not liable to the Plaintiff because <u>no</u> evidence exists that the Goodrich components were used prior to the subject aircraft's loss on the evening in question.

25. Goodrich specifically reserves the right to allege additional affirmative action.

26. This court lacks personal jurisdiction over defendant Goodrich.

27. Defendant Goodrich states that plaintiffs' claims are barred by the doctrine of federal pre-emption because the design of any allegedly defective components were specifically approved by the FAA pursuant to federal law and regulation.

## JURY TRIAL

Goodrich demands a trial by jury.

WHEREFORE, Defendant, Goodrich Corporation demands judgment in its favor, for its costs including all reasonable attorney's fees and all other relief to which it may be entitled..

Dated: New York, New York
May 9, 2008

          Yours, etc.

          MENDES & MOUNT, LLP

          By: _____
          Paul E. Moran (PM-5126)
          Attorneys for Defendant
          GOODRICH CORPORATION
          750 Seventh Avenue
          New York, New York 10019-6829
          Phone: (212) 261-8000

## CERTIFICATE OF SERVICE

I hereby certify that on the 9th day of May, 2008, I electronically filed the foregoing with the clerk of the court by using the CM/ECF system, which will send a notice of electronic filing to the following persons:

Jerome L. Skinner
Nolan Law Group
3074 Madison Road
Cincinnati, OH 45209
**LIAISON COUNSEL FOR INGRAM, EMMONS, FLECK,
MORRIS, VILLANUEVA, ALLAN, AND PLAINTIFFS KONOVALOVA**

Eugene O'Neill, Jr., Esq.
Goldfinger & Lassar LLP
14 Penn Plaza, Suite 300
New York, NY 10122
**ATTORNEY FOR PLAINTIFF ALLAN**

Michael P. Verna
Bowles & Verna, LLP
2121 No. California Blvd. #875
Walnut Creek, CA 94595

/s/ Paul E. Moran
**ATTORNEY FOR DEFENDANT
GOODRICH CORPORATION**