A CERTIFIED TRUE COPY
ATTEST

By Mecca Thompson on Jun 09, 2008

FOR THE UNITED STATES
JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION



UNITED STATES
JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

FILED
U.S. DISTRICT COURT

**UNITED STATES JUDICIAL PANEL**
**on**
**MULTIDISTRICT LITIGATION**

203 JUN -9  PM 2: 51

**Jun 09, 2008**

FILED
CLERK'S OFFICE

BY Memo DEPUTY

**IN RE: CESSNA 208 SERIES AIRCRAFT PRODUCTS**
**LIABILITY LITIGATION**

U.S. DISTRICT COURT
FILED
JUN 13 2008
S. D. OF N.Y.

**TRANSFER ORDER**

**Before the entire Panel*:** Common defendant Cessna Aircraft Co. (Cessna) in the six actions listed on Schedule A and pending in the Western District of Washington (five actions) and Southern District of New York (one action), respectively, moves, pursuant to Rule 7.4, R.P.J.P.M.L., 199 F.R.D. 425, 435-36 (2001), to vacate our orders conditionally transferring the actions to the District of Kansas for inclusion in MDL No. 1721. Responding plaintiffs oppose the motions to vacate.

After considering all argument of counsel, we find that these six actions involve common questions of fact with those actions previously transferred to the District of Kansas, and that transfer of the actions to the District of Kansas for inclusion in MDL No. 1721 will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. We further find that transfer is appropriate for reasons that we set out in our original order directing centralization in this docket. In that order, we held that the District of Kansas was a proper Section 1407 forum for actions sharing factual questions concerning the testing, design and manufacture of the same model of a Cessna aircraft and the aircraft's deicing system. *See In re Cessna 208 Series Aircraft Products Liability Litigation*, 408 F.Supp.2d 1349 (J.P.M.L. 2005).

In opposing transfer, Cessna principally argues that MDL No. 1721 is at an advanced stage, such that adding new actions will not serve the goals of eliminating duplicative discovery, preventing inconsistent pretrial rulings, and conserving the resources of the parties, their counsel, and the judiciary. Based upon the Panel's precedents and for the following reasons, we respectfully disagree with this argument. Transfer under Section 1407 has the salutary effect of placing related actions before a single judge who can formulate a pretrial program that ensures that pretrial proceedings are conducted in a streamlined manner leading to the just and expeditious resolution of all actions. *See In re Ephedra Products Liability Litigation*, 314 F.Supp.2d 1373, 1375 (J.P.M.L.2004). That is especially true here, where the docket was created in December 2005, and the transferee judge has developed a close familiarity with the allegations, issues, parties, and counsel. *See In re Crown Life Insurance Premium Litigation*, 178 F.Supp.2d 1365, 1366 (J.P.M.L. 2001) ("The transferee judge's familiarity with this docket furthers the expeditious resolution of the litigation taken as a whole"

I hereby attest and certify that this is a printed copy of a document which was electronically filed with the United States District Court for the District of Kansas.
Date filed:_____ 6-9-08

Clerk, U.S. District Court
By:___Mary_____ Deputy Clerk

─────────────────────

* Judge Vratil took no part in the disposition of this matter.

- 2 -

Should the transferee judge determine that the continued inclusion of a claim or action in MDL No. 1721 no longer remains advisable, and she thus deems Section 1407 remand of that claim or action appropriate, procedures are available whereby this may be accomplished with a minimum of delay following a suggestion of remand to the Panel by the transferee judge. *See* Rule 7.6, R.P.J.P.M.L., 199 F.R.D. at 436-38. In the meantime, transfer under Section 1407 will offer the benefit of placing these related actions before a single judge who can structure pretrial proceedings to consider all parties' legitimate discovery needs while ensuring that common parties and witnesses are not subjected to discovery demands that duplicate activity that will occur or has already occurred in the other actions. *See In re Fedex Ground Package System, Inc., Employment Practices Litigation (No. II)*, 381 F.Supp.2d 1380, 1382 (J.P.M.L. 2005).

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, these six actions are transferred to the District of Kansas and, with the consent of that court, assigned to the Honorable Kathryn H. Vratil for inclusion in the coordinated or consolidated pretrial proceedings occurring there in this docket.

PANEL ON MULTIDISTRICT LITIGATION

John G. Heyburn II
Chairman

**IN RE: CESSNA 208 SERIES AIRCRAFT PRODUCTS
LIABILITY LITIGATION**

MDL No. 1721

## SCHEDULE A

Southern District of New York

Emma Konstantinovna P'Yanina, et al. v. Cessna Aircraft Co., et al., C.A. No. 1:07-10403

Western District of Washington

Daniel Jones, et al. v. Cessna Aircraft Co., et al., C.A. No. 2:07-1908
Gary Smith, et al. v. Cessna Aircraft Co., et al., C.A. No. 2:07-1931
Mitchell Rasberry, etc. v. Cessna Aircraft Co., et al., C.A. No. 2:07-2001
Dennis Craig, et al. v. Cessna Aircraft Co., et al., C.A. No. 2:08-72
Stephen L. Elsner, etc. v. Cessna Aircraft Co., et al., C.A. No. 2:08-135